UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BENJAMIN HORTON,

               Petitioner,

v.                                           9:21-CV-0262
                                                  (GLS/ATB)

EARL BELL,

               Respondent.

---

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Benjamin Horton seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Respondent opposed the petition. Dkt. No. 12, Response; Dkt. Nos. 13 & 14, State Court Records. Petitioner filed a reply. Dkt. No. 21, Traverse.

Presently pending before the Court are petitioner's (1) motion for a stay and (2) application for appointment of counsel. Dkt. No. 25.

### II. MOTION FOR A STAY

Petitioner contends that "[d]ue to a mental health melt down . . . [he] will have to go to counseling and change or adjust [his] medications[.]" *Id.* at 1. Accordingly, petitioner seeks a stay, for an undisclosed amount of time, so that he can treat his breakdown and regain the ability to concentrate on his legal matters. *Id.*

---

[1] For the sake of clarity, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Here, petitioner's stay is not warranted because the matter is fully briefed and before the Court for consideration. Accordingly, there is nothing more that petitioner must do to present his claims. Instead, he must wait for the Court's decision, which will be rendered in due course. Thus, petitioner's motion is denied.

### III. MOTION FOR COUNSEL

Petitioner also requests counsel because (1) he is "in a very dark place and [is] not sure how much [more he] can take[] right now;" and (2) he needs someone to read and explain the legal paperwork and decisions to him. Dkt. No. 25 at 1-2. Petitioner essentially recycles the arguments that he has presented to the Court on prior occasions. *See* Dkt. No. 9, Decision and Order ("May Order"), at 2. For substantially similar reasons, petitioner's fourth request for appointment of counsel is denied.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. Petitioner again argues that given his underlying mental health conditions, counsel should be appointed to assist him with this action. Dkt. No. 25 at 1-2. However, petitioner's involvement with this case thus far belies any assertion that his mental health illnesses precluded him from being able to present his case in state or federal court. *Hodge*, 802 F.2d at 61-62. As outlined above, petitioner has, without the benefit of counsel, properly commenced collateral actions in state court to exhaust his remedies, filed two habeas corpus actions in this Court, corrected and recommenced the present action, submitted a petition to which the Court directed a response, filed four motions for appointment of counsel, and, submitted a cogent and well-reasoned Traverse in reply to respondent's opposition to the pending petition. The fact that petitioner has not been successful in several of these motions

does not automatically mean he is unable to present his claims or independently litigate this action.

Petitioner next argues that his inability to understand the legal documents presented to him necessitates appointment of counsel. As previously explained, the record belies any such claims. Moreover, petitioner's status as indigent, incarcerated, or unable to independently retain counsel does not compel the Court to appoint him an attorney. *Pennsylvania*, 481 U.S. at 555. Moreover, counsel is not required solely if petitioner thinks appointment of an attorney is necessary because counsel would be more skilled in presenting petitioner's legal arguments. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

In sum, nothing in petitioner's litigation history thus far has demonstrated that his mental health conditions prevented him from successfully pursuing various forms of relief available to a petitioner in a habeas corpus action. Moreover, the content of the petition does not suggest that petitioner's claims "are overly complex" or that, at this point, "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Further, because the matter is already fully briefed, there would be nothing more for counsel to do at this point as petitioner is not required to make any further submissions to the Court. Accordingly, at this juncture, there appears to be no special reason to appoint

counsel. Moreover, there is certainly nothing mandating the Court to do so.

## III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's request to stay the present proceedings while he receives mental health treatment, Dkt. No. 25, is **DENIED**; and it is further

**ORDERED** that petitioner's fourth motion for appointment of counsel, Dkt. No. 25, be **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the action is fully briefed and before the Court for a decision. The case will be decided in due course. **NO FURTHER SUBMISSIONS ARE REQUIRED FROM EITHER PARTY**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

DATED: October 14, 2021

      Syracuse, New York

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge