**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BENJAMIN HORTON**

                              **Petitioner,**              **9:21-cv-262**
                                                           **(MAD/MJK)**

              **v.**

**EARL BELL,**

                              **Respondent.**
_____

## SUMMARY ORDER

Pending is an objection to a Report-Recommendation (R&R), (Dkt. No. 77), which recommends, among other things, that petitioner pro se Benjamin Horton's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied and dismissed, (Dkt. No. 72). For the reasons set forth below, the R&R is adopted in its entirety.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear

error only.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Here, Horton's objection consists of generalized complaints about, among other things, his mental health and corresponding inability to understand, and innocence.[1]  (Dkt. No. 77.)  Horton makes no attempt to specifically fault the R&R.

For example, throughout his objections, Horton continues to allege that his plea was not knowingly and voluntarily made because of various mental health issues he suffers from and his inability to understand the nature of the proceeding.  (Dkt. No. 77 at 2-4.)  The R&R, however, noted that Horton failed to offer any proof in support of these assertions or that he would have rejected the plea agreement and pursued trial but for his alleged mental status.  Horton's objections simply repeat these conclusory allegations that the R&R correctly found to be insufficient to warrant

---

[1]  Despite his contention that he is "innocent of this crime," (*see, e.g.*, Dkt. No. 77 at 13), the court does not consider Horton's objection to claim "actual innocence" within the meaning of *Rivas v. Fischer*, 687 F.3d 514, 539-40 (2d Cir. 2012), which was not previously argued by him.

habeas relief.  *See Harrison v. Thompson*, No. 9:20-cv-705, 2021 WL 1599121, *6 (N.D.N.Y. Apr. 23, 2021) (holding that the petitioner's guilty plea was not involuntary where he "failed to produce any proof that he was under the influence of drugs during the time of his plea, or that he would have rejected the plea agreement and proceeded to trial had he not been under the influence of marijuana"); *Royster v. Perez*, No. 08-CV-13, 2009 WL 1505278, *4 (E.D.N.Y. May 28, 2009) ("[T]he Supreme Court has not held that a state court must specifically inquire into a defendant's history of mental illness or medication regimen . . . [and] the state court's factual determination that the petitioner's plea was voluntary is presumed to be correct absent clear and convincing to the contrary").  As the R&R correctly concluded, since Horton's present assertions that his guilty plea was not knowingly and voluntarily entered are "wholly contradicted by the record[,] ... they are insufficient to entitle petitioner to relief." *Woods v. Superintendent*, No. 9:19-cv-505, 2020 WL 3642311, *9 (N.D.N.Y. July 6, 2020) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

Similarly, the R&R found that a substantial portion of Horton's claims are procedurally defaulted and that Horton failed to show cause for the default and actual prejudice or that the denial of habeas relief would result

3

in a fundamental miscarriage of justice.  *(*Dkt. No. 72 at 12-16.)  In his objections, Horton still fails to address the fact that he procedurally defaulted on these claims.  As the R&R correctly determined, many of Horton's claims were rejected by the state courts on independent and adequate state law grounds and Horton has failed to provide a basis to excuse him from the procedural default.  *See Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quotation omitted).

Having reviewed the remaining claims in the petition, the Court finds that the R&R thoroughly examined the several bases for habeas relief alleged by Horton and explained why all were either procedurally defaulted, not cognizable on habeas review, barred by his guilty plea and appellate waiver, or failed on the merits.  (Dkt. No. 72 at 12-28.)  Upon careful review, the R&R, which is well reasoned, is free from clear error and is, therefore, adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 72) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Horton's petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability pursuant to 28 U.S.C. § 2253(c) shall issue; and it is further

**ORDERED** that Horton's letter motion requesting a subpoena (Dkt. No. 88) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  March 29, 2024
   Albany, New York

Mae A. D'Agostino
U.S. District Judge