UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HORTON,

                                **Petitioner,**

  vs.                                                                    9:21-cv-262
                                                                                  (MAD/MJK)

**EARL BELL,** *Superintendent, Clinton*
***Correctional Facility*****,**

                                **Respondent.**
_____

**APPEARANCES:**                                           **OF COUNSEL:**

**BENJAMIN HORTON**
**16-A-3539**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Petitioner *pro se*

**OFFICE OF THE NEW YORK**              **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner commenced this action on March 8, 2021, challenging a 2016 judgment of conviction in Saratoga County Court, based on his guilty plea to one count of Criminal Sexual Act in the First Degree. *See* Dkt. No. 1. Pursuant to a plea agreement, Petitioner was sentenced to serve a twenty-year sentence of imprisonment, to run concurrently with a twenty-five year sentence from Schenectady County, with twenty years of post-release supervision. The Appellate Division, Third Department unanimously affirmed Petitioner's conviction, and the New York

State Court of Appeals denied leave to appeal. *See People v. Horton*, 173 A.D.3d 1342 (3d Dep't 2019), *leave denied* 34 N.Y.3d 932 (2019).

In his petition, Petitioner raised the following arguments: (1) he was unlawfully interrogated by a child protective services worker without receiving a *Miranda* warning; (2) the government failed to disclose *Brady* material; (3) he received ineffective assistance of counsel; (4) his sentence was illegal and excessive as a matter of law, and the procedure used at the sentencing hearing to determine his sentence violated his due process rights; (5) the Saratoga County conviction violated the federal Double Jeopardy Clause; (6) the government improperly "brought up his past which was over 23 years old to make this case;" (7) he was improperly subjected to an unlawful controlled call; (8) the grand jury indictment evidence was not legally sufficient; (9) he was denied his right to appear before the grand jury; and (10) his guilty plea was constitutionally deficient because the plea was not knowingly, voluntarily, or intelligently entered. *See* Dkt. No. 1 at 9-28.

In a March 30, 2023 Report-Recommendation, Magistrate Judge Andrew T. Baxter thoroughly addressed each of Petitioner's arguments and recommended that the petition be denied and dismissed. *See* Dkt. No. 72. On March 29, 2024, this Court adopted the Report-Recommendation in its entirety over Petitioner's objection. *See* Dkt. No. 91. In its Order, the Court noted that Petitioner's objections consist of generalized complaints about, among other things, his mental health and corresponding inability to understand the nature of the proceedings against him, and that Petitioner failed to specifically fault the Report-Recommendation itself. *See id.* at 2 (citing Dkt. No. 77 at 2-4). As the Report-Recommendation noted, Petitioner failed to offer any proof in support of these assertions or proof that he would have rejected the plea agreement and pursued trial but for his alleged mental status. *See id.* The Court found that

Petitioner's conclusory assertions were insufficient to warrant habeas relief and that his claim was otherwise wholly contradicted by the record. *See id.* at 2-3. The Report-Recommendation further found that a substantial portion of Petitioner's claims were procedurally defaulted and that Petitioner failed to show cause for the default and actual prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice. *See* Dkt. No. 72 at 12-16. On review, the Court found that Petitioner failed to address the fact that he procedurally defaulted on these claims. *See* Dkt. No. 91 at 3-4.

Petitioner now moves for reconsideration of the Court's March 29, 2024 Order. *See* Dkt. Nos. 93, 103, 105. In his submissions, Petitioner largely reiterates his previous arguments that he did not have the mental capacity to plead guilty and that he did not commit the crime to which he pleaded guilty. *See id.*

"Reconsideration motions are 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Wachovia Mortg., FSB v. Toczek*, 841 Fed. Appx. 267, 272 (2d Cir. 2021) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). "'The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Hence, reconsideration is generally denied unless the moving party 'can point to controlling decisions or data that the court overlooked' and it is not warranted where the party seeks 'solely to relitigate ... issue[s] already decided.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

In the present matter, the Court finds that Petitioner's motion for reconsideration must be denied. Petitioner does not argue that there was an intervening change in controlling law or that

the Court overlooked existing controlling law. Nor does he allege that this Court has overlooked evidence necessary to resolving the issues presented. Similarly, Petitioner has not presented the Court with newly available evidence. Instead, Petitioner reiterates arguments asserted in the petition concerning the validity of his guilty plea – that there was no evidence of his guilt and that his admission of guilt at his change of plea was invalid because of his mental health problems. Nothing in his motion, however, identifies evidence from the state court record that this Court failed to consider in denying his petition. As such, his motion for reconsideration must be denied.

Accordingly, the Court hereby

**ORDERS** that Petitioner's motions for reconsideration (Dkt. Nos. 93 & 103) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 5, 2024
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge